UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00351

———

**Michael Steven Sickler,**
*Plaintiff,*

v.

**Kilgore Police Department et al.,**
*Defendants.*

———

**ORDER**

Plaintiff, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se, filed this case under 42 U.S.C. § 1983. Doc. 1. The case was referred to a magistrate judge. Doc. 4. The magistrate judge issued an order directing plaintiff to address whether his allegations are barred by the applicable two-year statute of limitations and if any tolling provision would apply to the late filing of his complaint. Doc. 6 at 2. The magistrate judge highlighted that plaintiff's September 2024 complaint alleges a false arrest that occurred in April 2022.

Plaintiff requested that the court "forgive" his tardy complaint because he was "having a hard time finding" information on how to start the process. Doc. 10 at 1. The magistrate judge issued a report, which concluded that plaintiff's complaint should be dismissed as time-barred and found that plaintiff was not entitled to equitable tolling. Doc. 14 at 3–4. Plaintiff filed objections. Doc. 15.

Plaintiff states that he objects to dismissing his case. *Id.* at 1. He maintains that he only realized he "had legal action" one year after his release when a friend "brought it to [his] attention" and that the "other facts just made it hard to begin this suit." *Id.* (cleaned up). Plaintiff insists that he "did not know to file" his lawsuit. *Id.*

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C.

- 1 -

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff identifies no error in the magistrate judge's report. *See* Doc. 15. The magistrate judge properly determined that plaintiff's claims, filed in September 2024 regarding his April 2022 arrest, are barred by the two-year statute of limitations—even if only by a few months. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is . . . two years . . . ."). Plaintiff is not entitled to equitable tolling. Ignorance of the law and lack of legal resources do not warrant equitable tolling. *See Madis v. Edwards*, 347 F. App'x 106, 108–09 (5th Cir. 2009) (per curiam) (unpublished) ("unfamiliarity with the legal process and lack of representation are not grounds for equitable tolling" (cleaned up)).

Thus, the court accepts the magistrate judge's report and overrules plaintiff's objections. Plaintiff's case is dismissed with prejudice as time-barred. Any pending motions are denied as moot.

*So ordered by the court on November 12, 2025.*

J. Campbell Barker
United States District Judge

- 2 -